UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOSE VICTOR LUNA,**<br>*Plaintiff*<br><br>v.<br><br>**CITY OF ROUND ROCK, ROUND ROCK POLICE DEPARTMENT, ALLEN BANKS, WILLIE RICHARDS, JIM STUART, ANDY MCKINNEY, JUSTIN CARMICHAEL, BEN B. JOHNSON, JOHNATHAN A. MINER, SHELBY A. INGLES, NATHAN J. ZOSS, KASHEALA L. MAY, MICHAEL A. CARTER, TRACEY L. COLE, MARC A. MCCALISTER, and VERNON A. ROSSING,**<br>*Defendants* | § § § § § § § § § § § § § § § § § § § | **CASE NO. 1:21-CV-00170-RP-SH** |

## ORDER

Before the Court are Plaintiff's Complaint (Dkt. 1), Motion to Proceed *In Forma Pauperis* (Dkt. 2), and Motion for Appointment of Counsel (Dkt. 3), filed February 22, 2021. The District Court referred all pending and future nondispositive and dispositive motions to the undersigned Magistrate Judge for resolution and Report and Recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  Motion to Proceed *In Forma Pauperis*

Plaintiff Jose Victor Luna seeks leave to file his Complaint without having to pay the filing fee. After reviewing his Application and financial affidavit in support, the Court finds that Luna is indigent. Accordingly, the Court **HEREBY GRANTS** Luna *in forma pauperis* status and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination

that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Luna is further advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As detailed below, Luna must file a More Definite Statement before the Court can complete its review under § 1915(e). Therefore, service on the Defendants should be withheld pending the Court's review of the More Definite Statement.

## II.   Section 1915(e)(2) Frivolousness Review

Because Luna has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

### A.   Standard of Review

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, a plaintiff's pro se status does not offer him an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Analysis

On September 5, 2019, Luna was pulled over by police while driving through the City of Round Rock, Texas. Luna alleges that Defendant Office Johnathan A. Miner of the City of Round Rock Police Department "conducted an illegal and unwarranted traffic stop" for a "coercively, conspired, fabricated traffic infraction." Dkt. 1 at 5. Luna asserts claims under 42 U.S.C. § 1983 against the City of Round Rock, the Round Rock Police Department, the Chief of Police Allen Banks, and thirteen other officers alleging violations of his First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment rights. *Id.* at 5-7. Luna asks the Court to grant him compensatory damages in the amount of $4,400,000. *Id.* at 7.

To establish a prima facie case under Section 1983, the plaintiff must allege (1) a violation of a federal constitutional or statutory right, and (2) that the violation was committed by an individual acting under color of state law. *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). Cities are included in the definition of individuals for purposes of a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Luna has not alleged any facts to support his claims of constitutional violations. Therefore, the Court cannot determine whether his allegations are sufficient to state a claim under 42 U.S.C. §1983. Accordingly, Luna is **ORDERED** to file a More Definite Statement by **April 16, 2021**, providing the following information:

1. What alleged actions or omissions constituted a violation of your First Amendment rights? When did the violation take place and who committed the violation?

2. What alleged actions or omissions constituted a violation of your Second Amendment rights? When did the violation take place and who committed the violation?

3. What alleged actions or omissions constituted a violation of your Fourth Amendment rights? When did the violation take place and who committed the violation?

4. What alleged actions or omissions constituted a violation of your Fifth Amendment rights? When did the violation take place and who committed the violation?

5. What alleged actions or omissions constituted a violation of your Sixth Amendment rights? When did the violation take place and who committed the violation?

6. What alleged actions or omissions constituted a violation of your Seventh Amendment rights? When did the violation take place and who committed the violation?

7. What alleged actions or omissions constituted a violation of your Eighth Amendment rights? When did the violation take place and who committed the violation?

8. What alleged actions or omissions constituted a violation of your Fourteenth Amendment rights? When did the violation take place and who committed the violation?

The Court warns Luna that failure to fully comply with this Order by the deadline will result in this Court's recommendation that this case be dismissed.

**SIGNED** on March 17, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE