# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JOSE VICTOR LUNA,** §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>**CITY OF ROUND ROCK, ROUND** §<br>**ROCK POLICE DEPARTMENT,** §<br>**ALLEN BANKS, WILLIE** §<br>**RICHARDS, JIM STUART,** §<br>**ANDY MCKINNEY, JUSTIN** §<br>**CARMICHAEL, BEN B. JOHNSON,** §<br>**JOHNATHAN A. MINER, SHELBY A.** §<br>**INGLES, NATHAN J. ZOSS,** §<br>**KASHEALA L. MAY, MICHAEL A.** §<br>**CARTER, TRACEY L. COLE, MARC** §<br>**A. MCCALISTER, AND VERNON A.** §<br>**ROSSING,** §<br>*Defendants* § | **CASE NO. 1:21-CV-00170-RP-SH** |

## ORDER

Before the Court are Plaintiff's Complaint (Dkt. 1), Plaintiff's Motion for Appointment of Counsel (Dkt. 3), and Plaintiff's Application for Permission to File Electronically (Dkt. 4), all filed February 22, 2021. Also before the Court are Plaintiff's Incident Reports, filed on April 1, 2021 and April 13, 2021 (Dkts. 6-8). The District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I. Section 1915(e)(2) Frivolousness Review

Plaintiff Jose Victor Luna filed a Motion to Proceed *In Forma Pauperis* seeking leave to file his Complaint without having to pay the filing fee. Dkt. 2. After reviewing his Application and financial affidavit in support, the Court found that Luna was indigent and granted him *in forma pauperis* status. Dkt. 5. The Court also ordered Luna to submit a More Definite Statement. *Id.*

1

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint. A district court may dismiss a complaint filed *in forma pauperis* summarily if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff's pro se status does not offer him an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Luna brings claims for alleged constitutional violations arising from a traffic stop and detainment by the City of Round Rock Police Department. Luna has alleged facts that, if true, might support relief under 42 U.S.C. § 1983. Accordingly, the Court does not recommend that Luna's claims be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B) at this time.

Based on the foregoing, the Court **ORDERS** the clerk to issue summons in this case. The Court **FURTHER ORDERS** the United States Marshals Service to attempt service without pre-payment of a service fee.

## II.   Application to File Electronically

Luna, acting pro se, asks the Court to approve his request to become an electronic filing user in the United States District Court for the Western District of Texas. The Court hereby **GRANTS** Plaintiff Victor Luna's Application for Permission to File Electronically (Dkt. 4).

**IT IS ORDERED** that Plaintiff may file electronically through the Western District of Texas Official Court Electronic Document Filing System in this action. **IT IS FURTHER ORDERED** that Plaintiff, if he has not already done so, is directed to review the "General Information" section on the "CM/ECF" tab on United States District Court for the Western District of Texas's website (www.txwd.uscourts.gov). **IT IS FURTHER ORDERED** that Plaintiff shall submit a completed United States District Court for the Western District of Texas E-Filing and E-Noticing Registration Form via email to the email address provided on the form (txwd_ecf_help@txwd.uscourts.gov).

## III.   Appointment of Counsel

Finally, Luna asks the Court to appoint counsel to represent him in this action. Dkt. 3. A plaintiff has no constitutional right to appointment of counsel in connection with a civil rights action under § 1983. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court should consider four factors in ruling on requests for appointment of counsel:

> (1)   the type and complexity of the case;
>
> (2)   whether the indigent is capable of adequately presenting his case;
>
> (3)   whether the indigent is in a position to investigate the case adequately; and
>
> (4)   whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and cross examination.

*Id.* at 213. The district court is not required to appoint counsel for an indigent plaintiff asserting a civil rights claim absent "exceptional circumstances." *Id.* at 212.

The Court has considered the *Ulmer* factors and concludes that counsel need not be appointed. While § 1983 cases by their nature are more complex than many other cases, counsel must be appointed only in exceptional civil rights cases. *See Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986) (denying request for appointment of counsel in § 1983 action arising from arrest and incarceration). Luna has presented motions and filed documents with the Court adequately. He has offered a detailed recitation of the facts of his case and shown an ability to investigate and prosecute the case. This does not appear to be an exceptional civil rights case. Accordingly, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (Dkt. 3).

**SIGNED** on April 25, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE